CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 17 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BOBBY LARRY BUCK, | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 7:17cv00009 |
| COMMONWEALTH OF VIRGINIA, | ) By: Hon. Michael F. Urbanski |
| Defendant. | ) United States District Judge |

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Bobby Larry Buck, filed the instant complaint against the Commonwealth of Virginia, seeking leave to proceed in forma pauperis. For the reasons set forth below, Buck's application to proceed in forma pauperis will be **GRANTED** and his complaint will be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.

Buck's complaint consists of a one-paragraph statement dated January 8, 2017. That statement reads:

> Federal Civil Rights Complaint filed against the State of Virginia in failure to provide due process and equal protection under the law as shown in the submitted enclosure, brought to the attention of Chief Magistrate Stephen Poff, relative to CASE # GC16020860-00, hearing scheduled 01/17/2017, Commonwealth of Virginia vs Bobby Larry Buck, Roanoke City General District Court.

Attached to this one-paragraph document is a letter dated January 3, 2017 from Buck to Chief Magistrate Poff. This letter concerns alleged threats made against Buck "in the hallway outside of courtroom four in the Roanoke City General District Court on 12-21-16."

As a result of these threats, Buck claims to have gone "to the Magistrate's Office to file a criminal complaint for a warrant of arrest for the physical threat made by Shawn Michael Hunter, of which the magistrate was reluctant to ask for an investigation by viewing the evidence." Buck states in his letter that he later learned the "warrant of arrest complaint was never filed with Detective Bureau and no record of [his] having filed a complaint." He asks Chief Poff to "look into the matter of [his] being denied 'due process' in our justice system." Buck provides no other details about his cause of action, except to note on his civil cover sheet that this is a civil rights case.

## II.

Buck moves to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). The court will grant Buck's motion to proceed in forma pauperis. However, after reviewing the complaint, the court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B), district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Buck's complaint plainly fails to state a claim on which relief may be granted. Rule 8 of the Civil Rules of Civil Procedure requires a pleading that states a claim for relief to contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Buck's one-paragraph complaint and attached letter to Chief Magistrate Poff fail to detail the nature of his alleged civil rights violation and fail to show that he is entitled to relief. Indeed, Buck does not even indicate what type of relief he seeks in this case.

To the extent Buck is seeking monetary damages, the court notes that the Commonwealth of Virginia enjoys sovereign immunity, as the Eleventh Amendment bars suits brought by private individuals against states. See Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267–68 (1997) (citing Hans v. Louisiana, 134 U.S. 1 (1890)). State officials acting in their official capacity are likewise immune from suit. Will v. Mich. Dep't of State Police, 491 U.S. 58, 69 (1989).[1]

The court construes pro se complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For the reasons set forth above, Buck's complaint fails to state a legal claim upon which relief may be granted. Thus, his complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

---

[1] Any claim concerning the state court's actions in this case may also be barred by the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, a court may not entertain a complaint where "the losing party in state court file[s] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment[.]" Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291 (2005); see also Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

## III.

Accordingly, plaintiff's application to proceed in forma pauperis will be **GRANTED** and this matter will be **DISMISSED** without prejudice and **STRICKEN** from the active docket of the court.

An appropriate Order will be entered.

Entered: January 17, 2017

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge